**Craig Kent ELLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–85–248–CR.**

Court of Appeals of Texas, Waco.

May 29, 1986.

Ken Ables, Waco, for appellant.

Vic Feazell, Crim. Dist. Atty., Kenneth R. Bennett, Asst. Dist. Atty., Waco, for appellee.

### OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Ellis from probation revocation upon which a sentence of 5 years and a fine of $800 were imposed.

On April 22, 1983, Defendant pled guilty to theft of $200 or more but less than $10,000. He was placed on a probated sentence for 5 years and fined $800. Con-

ditions of probation included that Defendant "commit no offense against the laws of the State of Texas, or of any other State, or of the United States and will report any arrest to the Adult Probation Officer within ten days".

Motion to revoke probation was filed July 26, 1985, alleging Defendant violated the condition above on May 2, 1985, by committing theft of two Chevrolet hubcap centerpieces having a value of more than $20 but less than $200. The motion to revoke was heard and Defendant's probation was revoked September 30, 1985.

Defendant appeals on 2 grounds of error.

Ground 1 asserts the trial court erred in overruling Defendant's motion to suppress the evidence obtained by execution of a search warrant which was allegedly invalid.

On May 2, 1985, Officer Hicks of the Waco Police Department received a tip from Barbara Sales that Defendant was planning to steal hubcaps that evening. Defendant had asked Ms. Sales to go riding with him that night and told her he was going to steal hubcaps. Ms. Sales called Officer Hicks and told him Defendant had stolen in the past and he would put the stolen items in storage shed 42 at Econo Mini Storage on Lake Brazos Drive at Interstate 35. After receiving this information, Officer Hicks called the management of the storage sheds and learned that Defendant did have a storage shed rented there. Officer Hicks and his supervisor went to the storage facility and waited. They saw Defendant drive up to storage shed 42, remove something from the car and enter the storage shed. Officer Hicks called for a marked police car to apprehend Defendant. Defendant was stopped and returned to the storage facility by the officers. He was asked to open the storage shed door, but refused, so a search warrant was obtained.

Ms. Sales was with Defendant when he was stopped. Officer Hicks took her aside and asked what had happened that evening. Ms. Sales told him that Defendant had removed hubcaps from three cars and that

Defendant had placed the hubcaps in the storage shed. After Defendant was taken to jail, Ms. Sales drove Officer Hicks to the places where Defendant had removed the hubcaps from cars. This included the parking lot for the law offices of Williams, Patillo & Squires. A Chevrolet Monte Carlo was parked on the lot and two centerpiece hubcaps and one chrome hubcap ring were missing from the car, just as Ms. Sales had told the officers. Officer Hicks prepared an affidavit for a search and arrest warrant from this information. After obtaining the search warrant, Defendant was taken back to the storage shed and opened the door for the officers. Inside the storage shed, the officers recovered two wire-rimmed hubcaps, three chrome hubcap rings and two centerpiece hubcaps.

Defendant asserts the information received from the informant did not meet the test set forth in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). *Aguilar* is no longer the law. In 1983, the United Supreme Court decided *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527, in which the totality of the circumstances test was held applicable to search and seizure cases involving informants. The Court stated:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed. *Id.* 103 S.Ct. at 2332.

The *Gates* test is now used in Texas to determine the validity of a search warrant. *Hennessy v. State,* 660 S.W.2d 87, 90 (Tex. Cr.App.1983).

█ Officer Hicks received the information which he used as the basis for his

affidavit from Ms. Sales. She told Officer Hicks which hubcap parts were removed by Defendant and then took Officer Hicks to the cars from which the hubcap parts had been removed. We hold the magistrate who issued the search warrant had a substantial basis for concluding that probable cause existed. The search warrant was valid, and the trial court did not err in admitting the evidence obtained through its execution.

Ground 1 is overruled.

Ground 2 asserts that the trial court erred in revoking Defendant's probation because the State failed to prove by sufficient evidence that Defendant had violated the terms and conditions of his probation.

█ Defendant asserts the State did not prove Defendant removed the hubcaps from Mr. Williams' car "without the effective consent of the owner". Mr. Williams testified:

Q Do you know Craig Ellis, by the way, the man seated at the far end of the table from myself?

A To my knowledge I've never seen him.

\*   \*   \*   \*   \*   \*

Q Did you give him permission to take those hubcap centerpieces off of your vehicle?

A No.

The evidence is sufficient to support the trial court's revocation of Defendant's probation.

Ground 2 is overruled.

AFFIRMED.